# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 2, 2009

Charles R. Fulbruge III
Clerk

No. 08-60697
Summary Calendar

CURTIS D. GLINSEY

Petitioner - Appellant

v.

UNITED STATES OF AMERICA

Respondent - Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:07-CV-00196

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Former prisoner Curtis Glinsey appeals the district court's denial of his petition for writ of *coram nobis*. In 1998, Glinsey pleaded guilty to three counts of illegally acquiring and redeeming food stamps and one count of witness tampering (for plotting to have a witness killed). Glinsey's direct appeal of his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction, sentence, and restitution order resulted in an affirmance,[1] and certiorari was denied. *United States v. Glinsey*, 209 F.3d 386 (5th Cir.), *cert. denied*, 531 U.S. 919 (2000). Thereafter, Glinsey filed an unsuccessful application for habeas corpus relief under 28 U.S.C. §2255 followed by an equally unsuccessful appeal. *United States v. Glinsey*, 57 F. App'x 211 (5th Cir. 2003).

Several years later, Glinsey sought a writ of *coram nobis* from the district court challenging his conviction and contending that (1) an incriminating tape (relevant only to the witness tampering charge) was wrongfully obtained and used; (2) the government failed, under 18 U.S.C. §3504, to admit or deny that the tape recording was obtained unlawfully; (3) deficiencies existed in the information used to charge him; and (4) he received no hearing on his various challenges to his conviction and sentence.[2] The district court denied relief.

Glinsey contends that, as a result of his convictions, he now suffers from various civil disabilities such as not being able to run for public office. We need not address whether the civil disabilities Glinsey alleges qualify for *coram nobis* relief because we conclude that the district court correctly determined that Glinsey failed to meet the high burden of proving entitlement to such relief. Glinsey's claims either already have been raised, should have been raised previously, or are not errors "of the most fundamental character" as necessary to support a request for *coram nobis* relief. *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998).

As such, for substantially the same reasons expressed in the district court's opinion, the judgment of the district court is AFFIRMED.

---

[1] The restitution amount was modified to reduce it to $1,000,000 in order to comport with the district court's admonishments during the guilty plea hearing regarding his maximum fine.

[2] In his summary of argument, he also mentioned, without elaboration, a "warrantless search of [Glinsey's] business private office."